IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-11-215 M |
| | § | |
| CESAR DeJESUS-ONTIVEROS | § | |

## ORDER

Came on to be heard the above-referenced case for a preliminary hearing on the complaint, which charges the Defendant with a violation of 8 U.S.C. § 1326, reentry of a deported alien. At the hearing, the Government offered evidence that the Defendant was found in the United States on March 6, 2011, and that he had not received permission from the Attorney General or the Secretary of Homeland Security to reapply for admission into the United States.

The issue on which the hearing focused was whether the Government's evidence also established probable cause to believe that the Defendant had previously been removed from the United States. Specifically, the Government's evidence demonstrated that the Defendant's immigration file (the "A-File") includes an order of an immigration judge dated July 1, 2009, which ordered that the Defendant be permitted to voluntarily depart the country, and that he do so by July 6, 2009, and that he pay $15 for the bus ride. That same order directed that the Defendant be removed "with safeguards" and that he be detained until he departed. The order contained conditional language that, if the Defendant failed to voluntarily depart, then he was ordered removed. In other words, the Defendant was permitted to voluntarily depart by July 6, 2009, but he was at the mercy of ICE to be able to accomplish that, as he was ordered to remain in the custody of ICE until he left the country. The evidence further demonstrated that the Defendant did not exit the country

by July 6, 2009, but rather that he did so on August 5, 2009, and that he remained continuously in ICE custody until that date.

The Government argues that this evidence is sufficient to demonstrate probable cause to believe that the Defendant failed to voluntarily depart, and thus that he fell within the conditional portion of the immigration judge's order, and was removed. The Government bases this argument on the fact that the Defendant left the country on August 5, 2009, which is after the July 6, 2009 deadline, and on the existence of a warrant of deportation or removal in the A-File. The warrant, however, is only signed by an ICE officer, and explicitly states that the Defendant was removed by order of an immigration judge. Thus, the warrant amounts to nothing more than a record reflecting that the officer who signed the warrant believed that a deportation or removal was occurring, and that it was taking place pursuant to the order of an immigration judge. Whether that is true depends on the order, not the warrant. The only order that exists in the A-File is the order previously referenced, which permitted the Defendant to voluntarily depart, and only ordered his removal if he failed to voluntarily depart. What is lacking in the evidence is any indication that the Defendant failed to voluntarily depart.[1]

The Defendant argues that the evidence does not demonstrate probable cause to believe that the Defendant was removed, but rather only shows that the Defendant was given an opportunity to depart voluntarily, and that he in fact did depart the country on August 5, 2009. The Defendant contends that the only relevant evidence regarding whether that exit was a "departure" or a "removal" is the immigration judge's order. If the exit was accomplished without violating the

---

[1] Of course, it was impossible for the Defendant to voluntarily depart until ICE allowed him to do so, since it was holding him in custody.

conditions of the order, then it was a "departure;" if not, it was a "removal." The Defendant contends that because ICE held him in custody until August 5, 2009, he did not fail to "voluntarily" depart by July 6, 2009, but rather that his failure to depart by that date was *involuntary* due to ICE's own actions.

   The Court agrees with the Defendant. First, the Government's argument requires that the Court construe the order of the immigration judge in a manner that would result in the judge having conditioned the Defendant's voluntary departure—an action that greatly benefitted the Defendant—on something that was completely out of his control. The Court finds this construction of the order highly improbable. The much more probable construction of the order is that so long as the Defendant left the country when ICE permitted him to do so, then his exit was a voluntary departure. Another way to express this same conclusion is this: the evidence is undisputed that the Defendant left the United States on August 5, 2009, and that at all relevant times up to that date, the Defendant was in ICE's custody. The question is whether the Defendant left voluntarily or because of an order of removal. The only evidence presented to the Court that bears on this issue is the order of the immigration judge. Reading that order, there are two possibilities: (1) the Defendant left pursuant to the first portion of the order, granting him a voluntary departure; or (2) the Defendant failed to comply with the first portion of the order, and thus he was removed pursuant to the second half of the order, which contained the conditional removal language. There is no evidence before the Court which demonstrates that of these two possibilities, it is more probable that the second took place. Indeed, the evidence showed the opposite—it is more probable that the first possibility is what took place, given that it is difficult to see how the Defendant could have refused to depart since he was being held in custody.

ACCORDINGLY, the Court finds that the Government has failed to demonstrate that there is probable cause to believe that the Defendant had previously been removed from the United States. Because this is an essential element of the charged crime, the complaint is therefore DISMISSED WITHOUT PREJUDICE, and the Defendant is ordered released from the custody of the U.S. Marshal.

SIGNED this 6th day of April, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE